## COMMON PLEAS COURT

### No. 534

### REED v. WALKER

Common Pleas Montgomery Co.

No. 56947. Decided April 14, 1926.

·1063. SALES—The Bulk Sales Act (11102 GC.) Construed as applicable to merchandise creditors only.

SNEDIKER, J.

The facts in this case disclose that in Sept. 1924, Wm. M. Reed sold to C. L. Killpack a certain confectionery and delicatessen, taking a series of notes as part of purchase price; that in Sept. 1925, while some of these notes, payable to Reed, still remained unpaid Killpack sold said store to Walker; and that Walker, before purchase personally notified Reed of this contemplated purchase and of the terms thereof.

After the sale had been consumated, Reed asked that, because Walker had not demanded a sworn list of creditors, he should be declared a trustee for benefit of creditors in accordance with the provisions of 11102 GC.

Montgomery Common Pleas in denying the relief prayed for, and in rendering judgment for Walker, held:

1. Reed is not such a creditor as it contemplated in the Bulk Sales Act. (11102 GC.)

2. Altho Hamilton Appeals in 7 App. at page 382, (citing 92 OS. Pg. 115) states that 11102 GC refers to all classes of creditors, this court believes that such is not the law as decided by the said case cited.

3. The Bulk Sales law is stringent, extraordinary and controvenes common law, and should therefore be strictly construed as applicable to merchandise creditors.

4. Other than merchandise creditors are amply protected by the provisions of 11104 GC. providing for appointment of a receiver in case of attempted fraud upon such creditors.

5. Even if Reed were a creditor within the provisions of 11102 GC. this court would be disinclined to appoint a trustee because of the knowledge and opportunity for protection which he had before the sale.

Judgment accordingly.

Attorneys—Legler & Murray for Reed; Egan & Delscamp for Walker; all of Dayton.

### No. 535

### SPOSATO v. YOUNGSTOWN (CITY)

Common Pleas, Mahoning Co.

No. 57768. Decided May 14, 1926.

801. MUNICIPAL LAW.—An ordinance passed by a city council wherein a claim for injury must be filed within sixty days as a condition precedent to filing an action in the court is valid.

·291. CONSTITUTIONAL LAW.—An ordinance wherein a claim for personal injuries must befiled within sixty days as a condition precedent to commencing an action is valid and is a matter of local self-government which goes to the remedy and not the right, therefore not violating the due process of law clause of the Constitution.

JENKINS, J.

Anna Sposato fell and injured herself on an alleged defective sidewalk in the city of Youngstown. She filed her petition without having given notice within sixty days to the city. The city set up by way of answer an ordinance passed by the city council whereby a sixty day limit was placed on the filing of claims as a condition precedent to the commencement of an action against the city to which Sposato demurred.

The question being is the ordinance and charter provision as to the filing of a claim a condition precedent to the commencement of an action against the city? If it can be held to be a power of local self-government it is valid, and if not, it is invalid and the demurrer should be sustained.

The Mahoning Common Pleas held:

1. The extent and meaning of the constitutional provision granting "all powers of local self-government" is laid down in 88 OS. 338.

"As the scope of ——— such powers refer clearly to the functions of government, and they are local in the sense that they relate to the municipal affairs of the particular municipality."

2. The requirement of filing a claim as a condition precedent to recovery is a matter of local concern. It being of interest to the city to get the facts as soon as possible so as to correct them.

3. The ordinance is for the protection of the city and therefore is an affair of local self government and is local in its nature.

4. The notice before suit refers to the remedy and not the right and therefore does not take away the right of, due process of law, and does not violate the Constitution.

Attorneys:—Anderson, Lamb, and Marsteller for Sposato and W. E. Lewis, Law Director for City; all of Youngstown.